**OPETAIA TALIGA, Plaintiff,**

**v.**

**ELIOTA SIAUMAU, Defendant.**

High Court of American Samoa
Trial Division

CA No. 10-97

May 21, 1997

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and
ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Aumoeualogo S. Salanoa
            For Defendant, *Pro se*

Plaintiff Opetaia Taliga ("Taliga") filed his complaint alleging an
agreement between him and defendant Eliota Siaumau ("Siaumau")
whereby Siaumau had agreed to transfer to him two automobiles, in
return for his building Siaumau's residence. Taliga claims that he had
substantially finished building Siaumau's home but that the latter never
transferred the promised automobiles. He claims that the value of his
labor in building Siaumau's home is around $8,000.

## Facts

On the evidence, we find that the parties had agreed that Siaumau would
transfer possession of one his taxis to Taliga. The taxi would be
operated by Taliga, under Siaumau's license, for Taliga's own benefit. In
return Taliga would build an extension to Siaumau's home.

73

As it turned out, the extension work evolved into a larger project, but the parties never finalized any understanding on the question of additional remuneration for Taliga. It was decided that they would talk about this upon completion of Siaumau's building project.

Taliga substantially completed a new structure for Siaumau, although he has yet to complete the interior finishing work. The bathrooms, kitchen, and living rooms remain incomplete to date. While Taliga claims that the work ceased when the Siaumau had run out of construction funds, Siaumau claims that Taliga was just too busy with his other carpentry projects to finish his home.

In the interim, Taliga had use of Siaumau's vehicle, running the same as a taxi until Taliga's intoxicated brother ran the vehicle into the sea. Because the vehicle was still registered in Siaumau's name, the police required Siaumau to remove the vehicle from the sea, which Siaumau did at his own expense.

Subsequently, Taliga sought the return of the vehicle. Siaumau refused until Taliga would reimburse him for his expense and time in hauling the vehicle out of the sea. Subsequent efforts to resolve their differences proved fruitless, and the vehicle deteriorated, in the meantime, beyond repair.

Taliga now sues for the value of his labor while working on Siaumau's home, because the vehicle is no longer available to him.

### Discussion

■ We conclude on the evidence that the contract between the parties contemplated the transfer of <u>possession</u> of Siaumau's vehicle as a licensed taxi, and not title to or ownership of the vehicle. Since Taliga did not have a taxi license, title to the vehicle was not transferred because what Taliga really wanted was the vehicle's commercial value, a business license personal to Siaumau, and not transferable. *See* A.S.C.A. § 27.0212. Taliga, indeed, ran the vehicle as a taxi, under Siaumau's business license, for 18 months before it was damaged.

■ This arrangement between the parties was a sham on the territory's business license laws. It was, effectively, an agreement to violate or inhibit the business licensing laws, A.S.C.A. §§ 27.0201 et seq., and as such, it is illegal and unenforceable, being contrary to public policy. *Papaali`i v. Pen*, 18 A.S.R.2d 82 (Trial Div. 1991). There can be no recovery either on contract or on a *quantum meruit* for services rendered or other consideration furnished under an illegal agreement. *See* 17A Am Jur 2d, *Contracts* § 322. Accordingly, we decline to consider the

74

merits of either Taliga's contract or *quantum meruit* claims, since both stem from this illegal unenforceable pact.

## Conclusion

For reasons given, the complaint is dismissed and Taliga will take nothing thereby.

It is so Ordered.